Cross, J., delivered the opinion of the court. This is an application for a supersedeas. The material facts, as stated by Cheatham in his petition, and showir from a certified copy of the proceedings, are that William Cunningham sued out from the office of. the Clerk of the Hempstead circuit court a writ of summons against Robert Carrington, commanding the Sheriff of Hempstead county to summon the said Carrington, to appear in said court on a day therein mentioned and answer William Cunninglon in an action of debt &c. and that on the return of the summons, after due notice, judgment by default was taken against him in favor of William Cunningham. Upon this judgment, an execution was issued,. Carrington’s property levied on, and a bond entered into by him for its delivery &c. with Cheatham as his security. The bond having been forfeited by a failure to deliver the property, a judgment on Cunningham’s motion, without notice, was entered against them for the penalty of said bond. The su-persedeas prayed for is to this latter judgment. The principal question presented is whether the judgment against Carrington, upon which the validity of the latter mainly depends,is absolutely void or voidable only. It is clear that Carrington had no notice either actual or implied of any action at the suit of Cunningham. The notice under the summons was to answer Cunnington, an entirely different name from that in which the judgment was entered. This court held in the case of McKnight vs. Smith, 5 Ark. Rep. 410, that “notice is necessary to give the court jurisdiction of the person, and unless it is acquired in some mode the judgments of the court are mere nullities,” that “the exercise of jurisdiction by a court does not prove that it has correctly acquired it” and that “the facts which confer jurisdiction by operating as notice to the defendant should not be presumed, but appear on the record of the proceedings.” The first judgment, having been rendered without notice and, Consequently, jurisdiction on the part of the court, is absolutely void, and so is also the second, as well as all other proceedings resting upon it. The application therefore must be granted and a supersedeas to the judgment against Carrington and Cheatham awarded, as prayed for in the petition.